## SCHLESINGER v. KEENE.

(Supreme Court, Appellate Term. June 23, 1904.)

1. STIPULATIONS—PROOF—WITNESSES.
   Where an attorney entered into a written stipulation setting a cause for trial on a specified date, and providing that, in case defendant paid a certain sum, plaintiff would discontinue the action and give a general release, but otherwise the case would be tried when reached, such attorney was incompetent to testify as to such stipulation.

2. SAME—POSTPONEMENT.
   Where a case had been specially set for trial under stipulation, the unexpected absence of plaintiff's principal attorney beyond the seas, on legal business, when the case was called for trial, was not ground for postponement.

Appeal from City Court of New York.

Action by Mary Schlesinger against Charles A. Keene. From a City Court judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Hyatt & Tierney, for appellant.
Gasquet, Rutherfurd & Putnam, for respondent.

MacLEAN, J.  On December 15, 1903, this action being at issue, the parties, by their attorneys, stipulated that it be set down on the special calendar for trial for short causes for the first Monday of February, 1904, and, further, that if the defendant on or before the 15th day of January, 1904, should pay the sum of $107.17, demanded in the complaint, with interest, and $55 costs in addition, that plaintiff would discontinue the action and give a general release, but otherwise the case would proceed to trial when reached.  The money was not paid, and the cause was reached for trial February 3d.  Then one of the defendant's attorneys asked adjournment, saying that the defense had been in charge of his co-attorney, who was compelled to sail for London, England, January 9th, on a very short notice, on important business in connection with a litigation in the English courts; that before leaving he was unable to state to deponent the details of this case, but, as deponent was informed and believed, and as he had been able to ascertain from the papers, the claim of the defense was that an agreement was entered into by the attorneys to compromise and settle the claim in the action; that the attorneys for plaintiff agreed, in consideration of such adjournment, to procure a general release, which plaintiff had failed to give; and that "the nature and details of such agreement can only be testified to by Mr. —— [the co-attorney], who is the most material witness for the defendant." The application was denied.  Without much further ado, and mainly from his own letters, defendant's indebtedness was proven for more than was claimed, and judgment went in favor of the plaintiff for the sum demanded in the complaint.  The position of the defense turned then, as it does upon this appeal, chiefly upon the motion for a postponement.  It is quite obvious that the agreement referred to by defendant's counsel is the stipulation abridged above.  No other is mentioned.  No private agreement between the parties or their attorneys respecting the proceeding at issue would be binding, unless in writing and subscribed.  Rule 11.  Respecting the nature and the details of that agreement, the absent attorney could not be the most, or any, material witness, as he could not upon the trial testify to its contents at all.  The defense was a general denial.

In his brief, counsel proposes that the court perpend the proposition: "The fact that a material witness of the party unexpectedly went to Europe, so that he could not be served, is a good ground for postponement."  The passage quoted is an adaption from the reporter's headnote to a decision made in Albany in 1801.  The defendant, however, cannot be holpen by the ruling in that case (Nixen v. Hallett, 2 Johns. Cas. 218), wherein the plaintiff, not trying a case at the November circuit pursuant to his stipulation, was excused upon showing, with payment of costs of circuit, that a material witness residing in New York went on a voyage to sea some time in October, which was not known to the plaintiff or his attorney until the beginning of November, when it was too late to procure his attendance at the circuit.  There is, however, in the old lawbooks so much good reading, that counsel, if seeking an apt precedent, could have found one in New York as modern as A. D. 1824, in Jackson v. Wakeman,

2 Cow. 578, wherein, after stating a motion for judgment because of
failure to try a case as stipulated, the report runs thus:

"A. Burr, contra, asked leave to stipulate again, on the ground that the
plaintiff's counsel being absent on professional business at Albany, when the
circuit was holden at New York, the cause could not, for that reason, be tried.
Curia: We never receive this as an excuse."

The application for postponement was properly denied, and the
plaintiff rightly had judgment.

Judgment affirmed, with costs. All concur.